**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| In re: SSG WW JV LLC | ) | |
| | ) | Case No.: 18-82949-CRJ-11 |
| EIN: xx-xxx5782 | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 11 |

**CHAPTER 11 DEBTOR'S MOTION FOR ENTRY**
**OF AN ORDER AUTHORIZING THE DEBTOR**
**TO REJECT EXECUTORY CONTRACTS**
**AS OF THE FILING OF THIS MOTION**

COMES NOW SSG WW JV LLC (the "Debtor") and hereby move the Court (the "Motion") pursuant to section 365(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order: (a) authorizing the Debtor to reject the executory contracts listed below (the "Executory Contracts") as of the date of the filing of this Motion. In support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper in this proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought in this Motion are section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006.

**BACKGROUND**

4.      During the summer of 2016, Sarai Services Group, Inc., (Chapter 11 Debtor in a companion case in this Court) and WW Contractors, Inc, ("WW") (collectively the "Founders") formed a Service Disabled Veteran Owned Business Joint Venture to be known as "SSG WW JV

LLC" (this Debtor) for the purpose of targeting General Services Administration (the "GSA") O&M contracts. WW had been in the O&M business with GSA more than 20 years, but it had failed to win the re-competes of several of its contracts.

5.     Through the efforts of both of the Founders, SSG WW JV LLC won several O&M contracts almost immediately: Little Rock, AR (contract start Feb 2017), Fort Worth, TX (contract start March 2017) and Brownsville, TX (contract start Oct 2017). By agreement between the Founders, WWC managed operations and SSG managed administration of the contract.

6.     Listed in this Debtor's (SSG WW JV LLC's) filed Chapter 11 schedules, are said government contracts:

    a.    Contract No. GS-07-P-17-JU-D-0010, Full Maintenance contract for Little Rock, Arkansas. SSG Project Manager: Doug Martin

    b.    Contract No. GS-07-P-17-JU-D-0008, Operations & Maintenance contract for Fort Worth, Texas. SSG Project Manager: Shannon Steward

    c.    Contract No. 47PH0217D0001, Operations & Maintenance contract for Brownsville, Texas. SSG Project Manager: Travis Menchaca

7.     In May 2018, WW filed for protection under Chapter 11 in Maryland, with more than $10 Million of combined debt owed to creditors. Recently, WW missed a meeting of creditors, showed signs that they were not paying creditors while in the bankruptcy, and were two months behind on required financial reports to the Court.

8.     Without full participation by WW and without reimbursement by WW for large sums of money for set-ups and pre-payments, this Debtor cannot perform these Executory Contracts for profit.

9.     The other party to these Executory Contracts, the GSA by and through the Office of the U.S. Attorney, has requested that the Debtor file this motion to reject these contracts on an expedited basis "so that GSA can move forward with its efforts in getting bridge contracts into place for all 3 locations as soon as possible so that the buildings and equipment can remain operational."

10. Consequently, the Debtor requests that this Court approve the Debtor's rejection of these Executory Contracts and order that said rejections will be effective as of the date of the filing of this Motion.

## BASIS FOR RELIEF REQUESTED[1]

11. Bankruptcy Code section 365(a) provides that the debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also Univ. Med. Ctr. v. Sullivan (In re University Med. Ctr.),* 973 F.2d 1065, 1075 (3d Cir. 1992). Bankruptcy Code section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *In re Rickel Home Centers, Inc.,* 209 F.3d 291, 298 (3d Cir. 2000) (stating that Bankruptcy Code section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed."(internal citations omitted)).

12. Rejection of an executory contract is appropriate where, in the exercise of the debtor's sound business judgment, the debtor determines that rejection of the contract would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp. (In re Sharon Steel Corp.),* 872 F.2d 36, 40 (3d Cir. 1989). The decision to assume or reject an executory contract is a matter within the business judgment of the debtor. *See, e.g., Nat'l Labor Relations Bd. v. Bildisco (In re Bildisco),* 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test" (internal citations omitted)); *see also In re Fed. Mogul Global, Inc.,* 293 B.R. 124, 126 (D. Del. 2003); *Jr. Food Mart of Arkansas, Inc. v. Attebury (In re Jr. Food Mart of Arkansas, Inc.),* 131 B.R. 116, 120 (Bankr. E.D. Ark. 1991) (approving the debtor's decision in its business judgment to reject an employment contract).

13. Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. The "business judgment" test merely requires a showing that either assumption or rejection of the executory contract or unexpired

---

[1] Much of the relevant case law and legal argument is taken from a similar motion to reject (Doc. 564) in *Aerogroup International. Inc.,* Case No. 17-11962 (Bankr. D. Del.).

lease will benefit the debtor's estate. *See In re Trans World Airlines,* 261 B.R. 103, 121 (Bankr. D. Del. 2003) ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice." (internal citations omitted)).

14.     Given the particular circumstances of the case, the Debtor has determined that these Executory Contracts will no longer be required. Indeed, the Executory Contracts will only constitute unnecessary liabilities. In connection with the efforts to preserve and maximize value, the Debtor has determined that the Executory Contracts should be rejected.

15.     Further, the Debtor has determined that the Executory Contracts are of inconsequential value and benefit to the Debtor's estate and unlikely to generate any net proceeds to the estate. Accordingly, the Debtor has determined that continued performance under the Executory Contracts constitutes an unnecessary depletion of value of the Debtor's estate and, therefore, rejection of the Executory Contracts reflects the Debtor's exercise of sound business judgment.

## RESERVATION OF RIGHTS

16.     The Debtor fully reserves all rights related to the Executory Contracts. Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtor; a waiver of the Debtor's rights to dispute any claim; or an approval, assumption, or rejection of any agreement, contract, lease, or sublease under Section 365 of the Bankruptcy Code except as expressly set forth herein. This Motion should not be construed as a determination that any leases, sublease or executor contracts listed herein, or otherwise, is an executory contract.

## NOTICE

17.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel: the Debtor's twenty (20) largest unsecured creditors; the Bankruptcy Administrator for the Northern District of Alabama; the United States Attorney for the Northern District of Alabama; the counterparties to the Contracts, and their counsel, if known, at the address set forth in the notice provision of such Contracts, or if none, the last known address available to the Debtor; and any parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002. In light of the

nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order (i) authorizing the Debtor to reject the Executory Contracts listed above as of the date of the filing of this Motion and (ii) granting such other and further relief as this Court deems just and proper.

Respectfully submitted, this 8th day of November, 2018.

*/s/ Tazewell T. Shepard*
Tazewell T. Shepard III
Tazewell T. Shepard IV
*Attorneys for the Debtor-in-Possession*
**SPARKMAN, SHEPARD & MORRIS, P.C.**
P.O. Box 19045
Huntsville, AL 35804
Tel: (256) 512-9924
Fax: (256) 512-9837

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this 8th day of November, 2018, served the foregoing document upon the Debtor's twenty (20) largest unsecured creditors; the Bankruptcy Administrator for the Northern District of Alabama; the United States Attorney for the Northern District of Alabama; the counterparties to the Contracts, and their counsel, if known, at the address set forth in the notice provision of such Contracts, or if none, the last known address available to the Debtor; and any parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002. by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

*/s/ Tazewell T. Shepard*
Tazewell T. Shepard